# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00353-CV

---

**Olavie Hall, Appellant**

**v.**

**Donna Hall Keith, as Executor of the Estate of Donald Alfred Hall, Deceased, Appellee**

---

### FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
### NO. C-1-PB-06-085239, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Olavie Hall appeals the Order for the Sale of Estate Property Incapable of Division. Appellant contends that the trial court erred by failing to determine whether the properties were Appellant's sole-management community property. We will affirm the order.

In a previous appeal, this Court affirmed a declaratory judgment construing Decedent Donald Alfred Hall's will in which the trial court concluded that Decedent bequeathed his undivided community interest in twenty-two parcels of real property to persons other than Appellant, his surviving spouse. *See Hall v. Estate of Hall*, No. 03-19-00943-CV, 2021 WL 5220481, at *1 (Tex. App.—Austin Nov. 10, 2021, no pet.) (mem. op.). This appeal challenges the trial court's order signed April 29, 2021, in which that court found that several Estate real properties were not capable of a fair and equal partition. The court ordered the

properties sold and gave Executor Donna Hall Keith authority to sell them—including the one-half community interest belonging to Appellant.

The Texas Family Code and the Estates Code guide characterization of property owned by married people and distribution of that property upon a spouse's death. Texas Estates Code § 453.009 provides as follows:

> (a)  A qualified personal representative of a deceased spouse's estate may administer:
>
>> (1)  the separate property of the deceased spouse;
>>
>> (2)  the community property that was by law under the management of the deceased spouse during the marriage; and
>>
>> (3)  the community property that was by law under the joint control of the spouses during the marriage.
>
> (b)  The surviving spouse, as surviving partner of the marital partnership, is entitled to:
>
>> (1)  retain possession and control of the community property that was legally under the sole management of the surviving spouse during the marriage; and
>>
>> (2)  exercise over that property any power this chapter authorizes the surviving spouse to exercise if there is no administration pending on the deceased spouse's estate.

A spouse's separate property includes property owned or claimed by the spouse before marriage; property acquired by the spouse during marriage by gift, devise, or descent; and recovery for personal injuries sustained by the spouse during marriage, except for recovery for loss of earning capacity during marriage. Tex. Fam. Code § 3.001. Community property is all other property acquired by either spouse during the marriage. *Id.* § 3.002. Property possessed by either spouse when the marriage ends is presumed to be community property unless proven otherwise by clear and convincing evidence. *Id.* § 3.003. This presumption applies not only to dissolution by

divorce, but also by death. *Irvin v. Parker*, 139 S.W.3d 703, 708 (Tex. App.—Fort Worth 2004, no pet.); *Smith v. Lanier*, 998 S.W.2d 324, 331 (Tex. App.—Austin 1999, pet. denied).

Community property is further divided between sole-management and joint-management community property as follows:

> (a)　During marriage, each spouse has the sole management, control, and disposition of the community property that the spouse would have owned if single, including:
>
>> (1)　personal earnings;
>>
>> (2)　revenue from separate property;
>>
>> (3)　recoveries for personal injuries;  and
>>
>> (4)　the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition.
>
> (b)　If community property subject to the sole management, control, and disposition of one spouse is mixed or combined with community property subject to the sole management, control, and disposition of the other spouse, then the mixed or combined community property is subject to the joint management, control, and disposition of the spouses, unless the spouses provide otherwise by power of attorney in writing or other agreement.
>
> (c) Except as provided by Subsection (a), community property is subject to the joint management, control, and disposition of the spouses unless the spouses provide otherwise by power of attorney in writing or other agreement.

Tex. Fam. Code § 3.102.　Section 3.102 creates a rebuttable presumption that community property is subject to joint management, control, and disposition. *Miller v. Cadle Co.*, No. 06-08-00130-CV, 2009 WL 635158, at *3 (Tex. App.—Texarkana Mar. 12, 2009, no pet.) (mem. op.); *see also Ex parte Kienlen*, No. 02-22-00154-CR, 2022 WL 15053326, at *4 (Tex. App.—Fort Worth Oct. 27, 2022, no pet.) (mem. op.) (unless exception applies, "community property is subject to the joint management, control, and disposition of the spouses").

Appellant contends that the trial court erred by authorizing Executor to sell Appellant's community-property interest in properties owned jointly by Appellant and the Estate without determining if any were Appellant's sole-management community property.[1]  Appellant does not contend on appeal that the properties are her separate property and expressly does not contend that the properties are capable of partition in kind.

In concluding that the Executor had the power to sell the properties in the order, including Appellant's one-half community interest, the trial court necessarily implicitly found that the community property was not under Appellant's sole management during the marriage and, thus, that Appellant was not entitled to retain possession and control of it.  *See* Tex. Est. Code § 453.009(b)(1) (surviving partner of the marital partnership entitled to retain possession and control of survivor's sole-management community property).

The characterization of marital property is a conclusion of law.  *Kelly v. Kelly*, 634 S.W.3d 335, 352 (Tex. App.—Houston [1st Dist.] 2021, no pet.).  We review whether that conclusion is correct based on the facts of the case.  *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 608 (Tex. App.—Houston [14th Dist.] 2004, no pet.).  We will uphold a trial court's conclusions of law if the judgment can be sustained on any legal theory supported by the evidence.  *Id.*  Whether a party has overcome a presumption regarding the characterization of marital property as community property is a question of fact.  *Smith*, 998 S.W.2d at 331; *see also* Tex. Fam. Code § 3.003(b) (requiring clear and convincing evidence to overcome presumption that marital property is community property).  Clear and convincing evidence is proof that produces a

---

[1] Executor contends that Appellant waived this appellate issue by not expressly pleading or trying by consent at the trial court her claim that at least two of the listed properties were her sole-management community property.  In the interest of justice, we will assume without deciding that she did not waive this appellate claim and address its merits.

factfinder's firm belief or conviction as to the truth of the allegations to be established. Tex. Fam. Code § 101.007. This standard is generally not met when testimony about the separate nature of funds is not supported by documentary evidence tracing the asserted separate nature of funds. *Zamarripa v. Zamarripa*, No. 14-08-00083-CV, 2009 WL 1875580, at *3 (Tex. App.—Houston [14th Dist.] June 30, 2009, pet. denied) (mem. op.).

The trial court did not err because Appellant presented no evidence to overcome the presumption that the property owned by Decedent and Appellant when their marriage was dissolved by Decedent's death was joint-management community property. Appellant does not dispute that the properties ordered sold were owned by Appellant and Decedent at his death. The properties are thus presumed by law to be community property that was subject to joint management. *See* Tex. Fam. Code §§ 3.003, .102(c). Before testimony began, Appellant and her counsel discussed with the trial court the contention that a property was her separate property; that discussion was not sworn testimony, and Appellant does not urge the separate-property theory on appeal. Further, there is no documentary evidence tracing the asserted separate nature of any funds used to purchase the property. Thus, Appellant did not provide clear and convincing evidence to overcome the presumption that the properties are Appellant's joint-management community property. *See Zamarripa*, 2009 WL 1875580, at *3. The trial court did not err by concluding that the properties in the order were not under Appellant's sole management during the marriage.

Appellant has shown no error in the trial court's order.  We affirm the trial court's Order for the Sale of Estate Property Incapable of Division.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed:   February 28, 2023